IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALBERTO CORTEZ | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | CASE NO.:  8:15-cv-2783 |
| | * | |
| CAPITAL PRODUCE COMPANY | * | |
| | * | |
| DEFENDANT. | * | |

JOINT MOTION AND MEMORANDUM FOR APPROVAL OF ACCEPTANCE
OF RULE 68 OFFER OF JUDGMENT

The parties to this action jointly seek approval of Plaintiff's acceptance of Defendant's Rule 68 Offer of Judgment to satisfy Plaintiff's claims against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and additional counts under Maryland state law.  Insofar as this action involves Plaintiffs' claims under the FLSA, Plaintiff's acceptance of the Offer of Judgment is subject to Court approval.

I.     THE COURT SHOULD APPROVE THE ACCEPTANCE

An employee may only release claims for wages and damages pursuant to the FLSA under the supervision of the Secretary of Labor or by Court approval.  Decisions in the United States District Court for the District of Maryland have likened acceptances of Rule 68 Offers of Judgment to settlements and have required the parties to submit the basis for the acceptance of the Offer of the Judgment to the Court for review and approval for reasonableness.  *See Acevedo v. Phoenix Pres. Group, Inc.,* 2015 U.S. Dist. LEXIS 138337, *1 (D. Md. Oct. 8, 2015).  Courts generally consider the following factors in reviewing an FLSA settlement:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the

>absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs;  (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10-11 (E.D. Va. 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)).

The resolution here is a fair and reasonable resolution of the dispute.  As to the first factor, the parties have participated in written discovery exchanging facts and details related to Plaintiff's employment and taken into account disputes as to calculating Plaintiff's exact hours worked and potential damages at issue and in dispute herein.

In defense, Defendant asserts first and foremost that Defendant paid Plaintiff fully in compliance with Federal and Maryland law.  Further, Defendant disputes the number of hours that Plaintiff claims to have worked.  The legal and factual disputes at issue in this matter would likely have forced the case potentially all the way to a trial on the merits based on potentially disputed facts as to Plaintiff's rate and method of pay and claimed hours worked.

As to the third factor, in negotiating the resolution amount, the parties negotiated with a United States Magistrate Judge.  There was no fraud in the agreement between the parties.  The parties were given an opportunity to consider the potential value of the claims and strongly consider the strength of Defendant's defenses.  Plaintiff concluded the Offer of Judgment provides a fair and reasonable resolution of his claims.  Defendant supports this result because it eliminates the costs, uncertainties, and risks of further litigation.

As to the fourth factor, Plaintiff's counsel and Defendant's counsel are experienced in investigating, litigating, and settling employment matters, including FLSA claims. Counsel for the parties are well equipped to advise, and have advised, the parties as to the suitability of the

resolution in this case.

The fifth factor is not relevant here. Plaintiff never moved for conditional certification and this matter was never certified or conditionally certified as a collective action. Plaintiff has resolved only his claims against Defendant.

As to the sixth factor, a resolution of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.*

Here, the parties took into account the possibility that a finder of fact may determine that (1) that Defendant did not violate the FLSA or Maryland state law; (2) that any violation of the FLSA or Maryland state law may be found to have been made in good faith; (3) that any violation of the FLSA or Maryland state law may be found to not be willful; and (4) that even if successful, Plaintiff could recover less than the Offer of Judgment amount.

Each of the foregoing issues was the subject of a *bona fide* dispute between the parties. The parties also took into consideration the uncertainty and risks in litigation involving the Court's eventual determination of the propriety of the rate and method by which Defendant paid Plaintiff and how many hours Plaintiff worked in each given workweek and the costs that each party will incur if the litigation continues.[1]

---

[1] As to attorney's fees and costs, the parties discussed this amount separately and Defendant agreed to pay Plaintiff's counsel's customary billing rate of $295.00 per hour (within Appendix B rates) multiplied by the reasonable time Plaintiff's counsel devoted to pre-litigation, prosecution, and resolution of this matter as reflected in Plaintiff's counsel's contemporaneous billing records.

## II.     **CONCLUSION**

Therefore, the parties jointly request that this Court approve Plaintiff's acceptance of Defendant's Offer of Judgment as fair and reasonable.

                                           Respectfully submitted

                                           /s/ Gregg C. Greenberg
                                        Gregg C. Greenberg**,** Bar No. 17291
                                        Zipin, Amster & Greenberg, LLC
                                        8757 Georgia Avenue, Suite 400
                                        Silver Spring, Maryland 20910
                                        Phone:  (301) 587-9373
                                        Fax: (301) 587-9397
                                        Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff*


                                         /s/ Lawrence J. Quinn
                                        Lawrence J. Quinn, Bar No. 07454
                                        Tydings & Rosenberg, LLP
                                        100 East Pratt Street, 26th Floor
                                        Baltimore, Maryland 21202
                                        410.752.9700
                                        Email:  lquinn@tydingslaw.com

*Counsel for Defendant*